STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-CV-09-37

TEH - Cum - 10/6/2011

KOZAK & GAYER, P.A.,

        Plaintiff

v.

PARKVIEW ADVENTIST MEDICAL
CENTER,

        Defendant

_____

PARKVIEW ADVENTIST MEDICAL
CENTER,

        Counterclaim
        Plaintiff

v.

KOZAK & GAYER, P.A., BENJAMIN P.
TOWNSEND, and STEVEN L. JOHNSON,

        Counterclaim
        Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER ON COUNTERCLAIM
DEFENDANTS' MOTIONS FOR
PARTIAL SUMMARY JUDGMENT

In this action, Counterclaim Defendants Kozak & Gayer, P.A. (Kozak & Gayer), Benjamin P. Townsend and Steven L. Johnson (collectively, the Kozak Parties) have counterclaimed against Parkview Adventist Medial Center (Parkview) for professional negligence (Count 1) and breach of fiduciary duty (Count 2). This matter is now before the court on the Kozak Parties' (1) motion for partial summary judgment on the issues of Parkview's claims for liquidated damages and the abandonment of its damage claims, and (2) motion for

partial summary judgment on Parkview's claims for damages relating to the potential employment of Dr. Marcia Gillespie.[1]

The court has reviewed the parties' memoranda and statements of material fact, and has had the benefit of the parties' oral arguments. Based on the limited scope of the pending motions, the court is unable to grant summary judgment to the Kozak Parties on either motion.

A plaintiff may only recover damages proximately caused by the defendant's breach of duty, that is, those damages that were either a direct result of or a reasonably foreseeable consequence of the alleged breaches. *See Johnson v. Carleton*, 2001 ME 12, ¶ 12, 765 A.2d 571, 575 (explaining proximate causation in legal malpractice); *Niehoff v. Shankman & Assocs. Legal Ctr., P.A.*, 2000 ME 214, ¶ 8, 763 A.2d 121, 124 ("The same rules of causation generally apply whether the cause of action sounds in contract, negligence, or breach of fiduciary duty."). In colloquy with the court at the motion hearing, the Kozak Parties suggested that, although not expressly articulated in their motion or reply, the issue of proximate cause is raised to some degree by their motions. Parkview, however, countered that neither motion generated that issue and that Parkview did not have the opportunity to formally address the issue of proximate causation in their opposition.

Because the court cannot conclude that the issue of proximate causation is generated by either motion, the court cannot determine whether damages would be unrecoverable or would be limited as the Kozak Parties suggest. Further, whether generated or not, the issue of proximate

[1] Kozak & Gayer initiated this litigation on December 4, 2007, in Kennebec County Superior Court by filing a three-count complaint against Parkview for unpaid legal fees in the amount of $114,518.23. On January 20, 2009, Kozak & Gayer filed an amended complaint alleging the same three counts, but seeking damages for unpaid legal fees in the amount of $29,777.68. On February 27, 2009, Parkview answered, counterclaimed, and moved to join Benjamin P. Townsend and Steven L. Johnson as counterclaim defendants, which motion was granted on March 24, 2009. The case was transferred to the Business and Consumer Court on June 24, 2009. On May 26, 2011, the Kozak Parties filed two motions for partial summary judgment, which are the subject of this Order. The court held a hearing on the pending motions on October 4, 2011.

2

causation as also the issue of damages are mired in issues of material fact. Fundamentally, the parties do not even agree on the nature of the malpractice litigation. Whereas the Kozak Parties view the malpractice as occurring within litigation, invoking the classic "case within a case" framework, Parkview casts the malpractice as instances of poor contractual drafting and bad legal advice. Parkview's various claims for damage are not without some support in the statements of material fact and, based on the summary judgment record and the limited scope of the motions, the court cannot foreclose any measure or type of damages at this juncture.

Finally, to the extent that the Kozak Parties aver that an agreement with Dr. Gillespie would have violated federal law and would therefore be unenforceable, the court cannot make such an assumption based on the summary judgment record. Viewing the evidence in the light most favorable to Parkview, *see Beaulieu v. The Aube Corp.*, 2002 ME 79, ¶ 2, 796 A.2d 683, 685, issues of material fact remain as to both the terms of any agreement and the nature of the relationship between Parkview and Dr. Gillespie, and summary judgment is not appropriate.

Accordingly, pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Order into the docket by reference and the entry is

> Counterclaim Defendants' Motion For Partial Summary Judgment On Liquidated Damages And Abandonment Of Damage Claims is DENIED; and

> Counterclaim Defendants' Motion For Partial Summary Judgment With Regards To Counterclaim Plaintiff's Claims For Damages Relating To The Potential Employment Of Dr. Marcia Gillespie is DENIED.

Dated:     October 5, 2011

_____
Thomas E. Humphrey
Chief Justice, Maine Superior Court

3

STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-CV-09-37

*TEH —Cum - 10/20/2011*

KOZAK & GAYER, P.A.,

   Plaintiff

 v.

PARKVIEW ADVENTIST MEDICAL
CENTER,

   Defendant

_____

PARKVIEW ADVENTIST MEDICAL
CENTER,

   Counterclaim
   Plaintiff

 v.

KOZAK & GAYER, P.A., BENJAMIN P.
TOWNSEND, and STEVEN L. JOHNSON,

   Counterclaim
   Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER ON COUNTERCLAIM
DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF
REPUTATIONAL INJURY

This matter is before the court on the motion in limine of Counterclaim Defendants Kozak & Gayer, P.A. and Benjamin P. Townsend (collectively, "Kozak") to exclude evidence of reputational injury to Counterclaim Plaintiff Parkview Adventist Medical Center (Parkview) as a result of Kozak's unsuccessful attempt to obtain a TRO to prevent Drs. Gimbel and Streeter from competing with Parkview.

1.     Availability of Damages to Reputation

Kozak asserts that reputational injury is not recoverable when the attorney's actions are merely negligent, as opposed to willful or egregious conduct. Pointing to the Maine rule that damages for severe emotional distress in actions involving only economic loss are not available unless the plaintiff proves egregious conduct, an intentional tort, or a wanton or willful disregard of consequences on the part of the attorney, *see Garland v. Roy*, 2009 ME 86. ¶¶ 24-26, 976 A.2d 940, 947-48, Kozak contends that the court, by analogy, should extend the rule to reputational injury, citing extraterritorial cases. Parkview argues that Maine law does not require proof of egregious or wanton conduct in order to recover for reputational injury, and in any event, evidence at trial will provide the requisite proof of wanton or willful conduct.

There are few cases on point in Maine regarding the availability of reputational damages in legal malpractice actions, but all seem to indicate that such damages are recoverable. In legal malpractice actions brought by individuals seeking damages for severe emotional distress, reputational injury was seen as an appropriate consideration or inquiry in assessing the foreseeability of emotional distress damages. *See Burton v. Merrill*, 612 A.2d 862, 865 (Me. 1992); *Salley v Childs*, 541 A.2d 1297, 1300-01 (Me. 1988). In *Salley*, the attorney allowed his client's horse training license to be suspended after an administrative proceeding, despite the existence of an absolute defense, and the suspension was published in local and national racing publications. 541 A.2d at 1299-1300. On appeal, the Law Court held that an award of severe emotional distress could be a reasonable foreseeable consequence of malpractice involving the client's profession as a horse trainer that resulted in bad publicity. *Id.* at 1300-010. In *Burton*, a contractor alleged emotional distress and reputational injury, among other injuries, caused by his attorney's failure to aggressively defend against an enforcement action brought by the City of

Bangor for allegedly unlawful operation of a rooming house, and by the attorney's failure to file a counterclaim against the City. 612 A.2d at 864-65. The Law Court affirmed the award of $50,367 from a general verdict form when the evidence showed $30,000 in damages for lost investment in the building and the balance could be supported by evidence of reputational injury, ulcers, and deterioration of marriage as emotional distress damages.[1] *Id.* at 865. Neither of these cases addresses whether reputational injury is available apart from a claim for severe emotional distress. Recovery of such damages is suggested, however, in *Thurston v. Continental Casualty Co.*, 567 A.2d 922 (Me. 1989). There, Justice Hornby indicates that damages for "injury to credit rating" or "injury to reputation" in the form of goodwill, could be recoverable in a legal malpractice action. *Id.* at 924.

Ultimately, whether Parkview can recover for damages to its reputation will turn on whether Parkview can prove that Kozak's alleged negligence "played a substantial part in bringing about or actually causing" injury to Parkview's reputation and that the injury to Parkview's reputation "was either a direct result or a reasonably foreseeable consequence of the negligence." *See Johnson v. Carleton*, 2001 ME 12, ¶ 12, 765 A.2d 571, 575 (quotation marks omitted). In both *Salley* and *Burton*, the Law Court affirmed jury verdicts that could have taken into account reputational injury in the award of damages because reputational injury was a foreseeable consequence of the malpractice. The same is true here. If Parkview can prove that reputational injury was a foreseeable consequence of the failed TRO, then Parkview ought to be able to recover for that injury. *See* 3 Ronald E. Mallen & Jeffrey H. Smith, LEGAL

---

[1] The treatise LEGAL MALPRACTICE, by Ronald E. Mallen and Jeffrey H. Smith, includes an inaccurate characterization of *Burton v. Merrill*. The authors state: "The client, a contractor, lost an investment property because of the lawyer's negligence in defending a cause brought by a municipality. The court affirmed a jury verdict, which included an award for injury to the client's reputation." 3 Ronald E. Mallen & Jeffrey H. Smith, LEGAL MALPRACTICE § 21.12 at 49-50 (2010 ed.). The award, however, did not delineate between types of damages and the Law Court affirmed the jury verdict on the sufficiency of the evidence presented, but did not state affirmatively that the damage award specifically compensated the client for reputational injury. *See Burton*, 612 A.2d at 865-66.

MALPRACTICE § 21.12 at 48 (2010 ed.) ("When recovery has been allowed, the injury to reputation has borne a close and clearly foreseeable relation to the attorney's undertaking.").

2.    Speculative Nature of Reputational Injury

Kozak also argues that the evidence of Parkview's reputational injury is too unreliable and speculative to allow recovery. Specifically, Kozak takes issue with figures set forth in Exhibit 4, which is attached to the motion. The exhibit is a summary of all "Out-of-Pocket Losses Relating to Injury to Reputation," that was created by Sheryl McWilliams, Parkview's vice president of public relations. While there may be issues with admissibility of Exhibit 4, *see* M.R. Evid. 1006, Kozak's objections go to the weight of the evidence and not its admissibility.

Accordingly, pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Order into the docket by reference and the entry is

> Counterclaim Defendants' Motion In Limine To Exclude Evidence Of Reputational Injury is DENIED.

Dated:    October 20, 2011

Thomas E. Humphrey
Chief Justice, Maine Superior Court

4

CV-09-37

Kozak & Gayer PA v. Parkview Adventist Medical Center

Plaintiff (Kozak & Gayer) Phillip Johnson - Johnson & Webbert
Defendant and Counterclaim Plaintiff: Kurt Olafsen – Olafsen & Butterfield
Counterclaim Def. (Kozak & Gayer, Benjamin Townsend and Steven
Johnson): James Bowie- Thompson & Bowie